IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

ROBERT ANDREW WERMUTH, )
)
PLAINTIFF, )
)
V. ) CV 00-H-1642-NE
)
JOE WHISANTE, Sheriff, et.al., )
)
DEFENDANTS. )

**<u>MEMORANDUM OF OPINION</u>**

This is a civil action pursuant to 42 U.S.C. § 1983 filed by the plaintiff, Robert Andrew Wermuth, on June 14, 2000, alleging that his constitutional rights were violated while he was incarcerated in the Madison County Jail in Huntsville, Alabama. In his *pro se* complaint, plaintiff names as defendants Sheriff Whisante, Nurse King, Nurse Quick and Detention Officers Hancock, Calvert, Ross, Elliot and Woodard. He contends that these defendants were deliberately indifferent to his serious medical needs. As compensation for the alleged constitutional violations, plaintiff seeks money damages and injunctive relief.[1]

On October 2, 2001, the magistrate judge entered a report and recommendation, recommending that summary judgment be granted in part and denied in part as to the above named defendants. The plaintiff filed objections to the report and recommendation on October 16, 2001, and the defendants filed objections to the report and recommendation on October 17, 2001.

---

[1] Plaintiff is no longer incarcerated. Therefore, his requests for injunctive relief are moot.



Having carefully reviewed and considered *de novo* all the materials in the file, including the report and recommendation, and the objections thereto, the Court is of the opinion that the factual findings in the magistrate judge's report are due to be amended in the following manner:

1. That plaintiff was taken to the Huntsville Hospital emergency room at approximately 9:00 a.m. on the morning of November 9, 2001, and remained at the emergency room until Dr. May Jennings ordered the plaintiff to be admitted to the hospital at approximately 9:00 p.m. on the same date;

2. That plaintiff's complaints regarding denial of access to his glucometer begin on November 11, 1999, the date of his release from Huntsville Hospital.

3. While plaintiff admits that he was administered insulin shots in the mornings, afternoons and evenings of November 4, 1999 to November 7, 1999, he denies that he was given the correct amount of insulin at the time same were administered.

4. That the plaintiff was a patient either in Huntville Hospital emergency room or the hospital itself from approximately 9:00 a.m. November 9, 1999, until approximately 12:30 p.m. on November 11, 1999. Said time period reflects plaintiff's presence at the facility for three (3) days.

Regardless of the amendments to the magistrate judge's findings of fact, the Court finds that the magistrate judge's conclusions of law are hereby ADOPTED and his recommendation is ACCEPTED. The Court finds that the parties' motions for summary judgment are due to be GRANTED IN PART and DENIED IN PART as follows:

1. The Court EXPRESSLY FINDS, as a matter of law, that plaintiff has established that he suffered from a 'serious medical need', and therefore, plaintiff's motion for summary judgment with regard to this element of his cruel and unusual punishment claims as to all defendants is GRANTED IN PART. The disposition of the cruel and unusual punishment claims herein below are to be construed by all parties in a manner which presumes that plaintiff has established a "serious medical need" as a matter of law.

2. The Court EXPRESSLY FINDS that although plaintiff suffered from a serious medical need, there are no genuine issues of material fact showing that defendants King and Quick were

deliberately indifferent to plaintiff's need for a diabetic diet, thereby subjecting him to cruel and unusual punishment. Therefore, defendants King and Quick are entitled to judgment as a matter of law. Accordingly, the motions for summary judgment filed by defendant King and Quick as to the plaintiff's diabetic diet are due to be GRANTED and these claims are due to be DISMISSED WITH PREJUDICE.

   3. The Court EXPRESSLY FINDS that there are genuine issues of material fact with regard to plaintiff's claims of cruel and unusual punishment against defendants Elliot, Ross, Hancock, Calvert and Woodard. As such, the motions for summary judgment and requests for qualified immunity by defendants Elliot, Ross, Hancock, Calvert and Woodard. as well as plaintiff's motion for summary judgment against these defendants are due to be DENIED.

   4. The Court EXPRESSLY FINDS that there are genuine issues of material fact regarding whether defendants King and Quick denied and/or delayed plaintiff's access to a glucometer and prescription medication. As such, the motions for summary judgment and requests for qualified immunity by defendants King and Quick as well as the plaintiff's motion for summary judgment are due to be DENIED.

   5. The Court EXPRESSLY FINDS that there are genuine issues of material fact regarding whether defendant Whisante is indirectly liable for the cruel and unusual punishment alleged by plaintiff because of his instigation and adoption of a jail policy that denied inmates any access to professional medical care on the weekends. Therefore, the motions for summary judgment and requests for qualified immunity by defendant Whisante as well as the plaintiff's motion for summary judgment are due to be DENIED.

  Therefore, the issues pertaining to (1) cruel and unusual punishment against defendants Elliot, Ross, Hancock, Calvert and Woodard., (2) defendant King and Quick's denial and/or delay

in providing a glucometer and prescription medication, and (3) defendant Whisante's indirect liability for the instigation and adoption of a constitutionally deficient jail policy are due to be REFERRED to magistrate judge Paul W. Greene for further proceedings.

An appropriate order will be entered.

DONE this the 29th day of MARCH, 2002.

                                              JAMES H. HANCOCK
                                              SENIOR JUDGE